## John Ryan v. The State.

### No. 4272. Decided March 11, 1908.

**Burglary—Circumstantial Evidence.**

Where upon trial for burglary the evidence showed that a suit of clothes was taken from the closet out of a private residence during the absence of the owner, and was pawned at a pawnshop by the defendant, a day or two after the alleged Burglary, the conviction·was sustained, although·there was no proof that anyone entered the house, and no indication of breaking; other circumstances pointing to the guilt of the defendant.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. J. K. P. Gillaspie.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary, his punishment being assessed at two years confinement in the penitentiary.

The only contention before this court is the alleged want of sufficient evidence to justify the conviction. The case is one of circumstantial evidence. There was a suit of clothes taken from a closet in a private residence. The house had been closed and locked. The owner says, and the evidence shows that the clothes were in the house at the time of its being closed and fastened, but were taken out by some one. Just how the party entered the house is not shown. There were no indications of a breaking; at least, the owner of the house says he discovered no evidence of that sort, and the house seemed to be in the same condition when he returned as when he left it, but the suit of clothes was in some way taken out and appellant pawned the goods at a pawn-shop that day or the next morning. The family was absent at a watering place, and it seems the owner alone was occupying the house during his family's absence. The wife of appellant was the servant of the owner of the house, but she was away at the time with his family at the summer resort. The wife of appellant had keys to the house, but her testimony shows that she did not give the keys to her husband, but to another party. Appellant's theory was that he was walking down a street in Houston, when a stranger had the suit of clothes and wanted to sell them to him for $4.50 and finally offered to take $3.50; that he did not purchase, but went with this stranger to the pawn-shop where the suit was pawned. Appellant denied pawning the goods and receiving the money, but when the stranger did pawn the suit he had the pawn-broker put his name on the clothes as the owner. The pawn-broker testifies that appellant claimed the clothes, and the party with him did not, and in fact did no talking. This is, in substance, the case without entering into a minutiæ and detail of the evidence. We are of opinion that the evidence is sufficient to sustain the verdict.

The judgment is affirmed.

*Affirmed.*